Samuel **MONTGOMERY**, a minor by his father and next friend, Jessie Montgomery, Ind., etc., Plaintiff-Appellant,

v.

**OAKLEY TRAINING SCHOOL** et al., Defendants-Appellees.

No. 29347.

United States Court of Appeals, Fifth Circuit.

May 6, 1970.

---

Reuben V. Anderson, Fred L. Banks, Jr., Melvyn R. Leventhal, John A. Nichols, Jackson, Miss., Jack Greenberg, Norman Chachkin, Jonathan Shapiro, New York City, Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Will S. Wells, Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

### PER CURIAM.

This is an appeal from two orders of the United States District Court for the Southern District of Mississippi, dated December 4, 1969 and January 2, 1970, which adopt a desegregation plan for the state's two juvenile reform schools.[1]

The appeal is before us on appellant's motion for summary reversal.

There are two juvenile reform schools in Mississippi: Oakley Training School, which was all-black and Columbia Training School, which was all-white. Both schools accommodated both boys and girls. The two schools are 125 miles apart. Children are assigned to the schools by the state's juvenile judges.

The desegregation plan ordered by the district court prohibits the assignment of children to a training school on the basis of race. The order requires that juvenile boys fifteen years old or older, regardless of race, be assigned to Oakley Training School, and that boys under fifteen years of age, regardless of race, be assigned to Columbia Training School. Girls of all ages, regardless of race, are also to be assigned to Columbia Training School.

Appellants make four complaints of the plan: First, the plan does not transfer to integrated institutions those children assigned on a segregated basis by juvenile judges prior to November 1, 1969. Secondly, it does not adequately provide for faculty integration. Thirdly, the plan does not provide for periodic reports. Fourthly, the plan is silent as to the integration of dormitories, classrooms and other activities.

■ Appellant's contention that the plan's pupil assignment is inadequate is rejected by this Court. Under the plan adopted by the district court, children are being assigned to each of the two schools without regard to race and both schools are presently integrated. It would serve no purpose to transfer from one school to the other those children who entered the training schools before November of 1969. Most of these children will be paroled by May of 1970, and all of them will be paroled by the end of the summer of 1970. The superintendants of these schools testified that transferring these students from one

---

1. This appeal was expedited in accordance with the procedures outlined in Section III of Singleton et al. v. Jackson Munici- pal Separate School District et al., 5th Cir. 1970, 419 F.2d 1211, 1222.

school to the other might interrupt their rehabilitation and delay their parole. This would benefit no one. This Court recognized in Crum v. State Training School for Girls, 5th Cir. 1969, 413 F.2d 1348, that the "state's duty to dismantle the dual system of segregated schools applies to reform schools as well as to public schools," and we hold here that the district court's method of juvenile assignment effectively dismantles the dual system of segregated student assignment in the reform schools of Mississippi.

While we hold that the district court's plan adequately provides for student assignment, we agree with the appellants that the plan is deficient concerning periodic reports, faculty integration, and the integration of facilities and activities. We therefore remand to the district court the following instructions adopted from Judge Wisdom's opinion in Crum v. State Training School for Girls, *supra*, at 1350:

[First], the district court should require the plan to provide for integration of classrooms, dormitories, athletic programs, and all activities and services. The faculty must be integrated without waiting for the filling of vacancies on a non-racial basis. The pattern of teacher assignment to any particular school should not be identified as tailored for a heavy concentration of either negro or white students in the school. Professional and non-professional members of the staff must be integrated.

[Secondly], the plan should provide for periodic reports to the district court until such time as the district court should decide that the dual system has been completely replaced by a unitary, integrated system.

The order appealed from is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion. The mandate shall issue immediately, and no stay will be granted for filing Petition for Rehearing or Petition for Writ of Certiorari.

Costs of the appeal will be assessed equally between the opposing parties. See Rule 39(a), Federal Rules of Appellate Procedure.